**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-~~MSK~~-MJW   *RM*

Consolidated with 17-cv-01602-RM-MJW

ISABEL VALVERDE *ET AL.*

    Plaintiff,

v.

XCLUSIVE STAFFING, INC. *ET AL.*

    Defendants.

---

**CONSOLIDATED CIVIL SCHEDULING ORDER FOR COLORADO RULE 23 CLASS CERTIFICATION ONLY**

---

**PLAINTIFFS' STATEMENT REGARDING SCOPE OF SCHEDULING ORDER**

By order of the Court, the above-captioned case ('*Valverde*") has been consolidated with *Trejo v. Xclusive Staffing*, 17-cv-01602-RM-MJW (D. Colo.) ("*Trejo*") for pretrial discovery. *See* ECF Doc. 194. The discovery limits and deadlines below therefore apply to pretrial discovery for both *Valverde* and *Trejo* combined. Moreover, both *Valverde* and *Trejo* are putative Rule 23 class and 29 U.S.C. § 216 collective actions. For efficiency, this scheduling order is limited to class discovery only. After the grant or denial of any motions for class or conditional certification and the expiration of any related notice periods, the parties will move the Court for an additional scheduling conference for the purpose of merits discovery.

This scheduling order is also limited to discovery regarding Colorado state law claims. After Defendants' motion to dismiss in *Valverde*, only Colorado state law Rule 23 claims remain

in that case. Defendants have filed a partial motion to dismiss in *Trejo* which seeks to limit the Rule 23 claims in *Trejo* to Colorado state law claims as well. Until a decision on the *Trejo* motion to dismiss, Plaintiffs consent to class discovery limited to Colorado claims. However, if the RICO or multistate state law claims in *Trejo* were to survive a motion to dismiss, Plaintiffs would consider that good cause for amending this scheduling order, as discovery outside of Colorado would be necessary.

Finally, Plaintiffs do not currently need class discovery for the alleged 29 U.S.C. § 216 collective actions. The Magistrate Judge recommended conditional certification of a national Fair Labor Standards Act claim in *Valverde* and Defendants objected. *See* ECF Docs. 207, 212. If the R&R were adopted and the objection overruled, Plaintiffs in *Trejo* would not file an additional motion for conditional certification. Thus, for efficiency, Plaintiffs in *Trejo* do not now seek discovery to certify a 29 U.S.C. § 216 collective action. However, if the R&R in *Valverde* were only adopted in part, or the objection sustained in its entirety, Plaintiffs in *Trejo* consider that good cause for amending this scheduling order, as a deadline for a motion for conditional certification in *Trejo*, and a discovery schedule for that motion, would need to be set.

**DEFENDANTS' STATEMENT REGARDING SCOPE OF SCHEDULING ORDER**

Defendants agree that the discovery limits and deadlines set forth below should only apply to class certification discovery for Plaintiffs' Colorado state law claims. Defendants propose that, after any motions for Rule 23 class certification are resolved by the Court, the parties should move the Court for an additional scheduling conference for the purpose of merits discovery. If the Court conditionally certifies an FLSA collective action in *Valverde*, Defendants will seek an amendment to this Scheduling Order to allow for appropriate discovery.

1. **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Date of Conference: December 11, 2017

**Attorneys for All Plaintiffs**

Alexander Hood
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

**Attorneys for All Defendants**

Matthew M. Morrison
Sherman & Howard L.L.C.
633 17th St., Suite 3000
Denver, CO 80202

2. **STATEMENT OF JURISDICTION**

Plaintiffs assert this Court has jurisdiction of these matters pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under state law.

3. **STATEMENT OF CLAIMS AND DEFENSES**

**Plaintiff's Position**

Xclusive Staffing, Inc. ("Xclusive") is a Colorado-based staffing agency composed of a conglomerate of entities – including Defendants Xclusive Colorado and Xclusive Management -- in at least 10 states. In large part, Xclusive provides low paid hourly employees to hotels, including many in the Denver Metro area, like Defendants Omni and Marriott in *Valverde* and Defendant Westin in *Trejo*. The entire operation is 100% owned and operated by Defendant Diane Astley out

of Xclusive's Westminster, Colorado corporate office.

Plaintiffs in *Valverde* and *Trejo* and those similarly situated worked for Xclusive and suffered damages as a result of Xclusive's illegal pay policies. The policies leading to these failures include deducting a $3 processing fee from each employee's pay check, auto-deducting 30 minute lunch breaks that were never actually given or taken, failing to provide the paid 10 minute breaks required under Colorado state law, and issuing two checks in a single workweek to avoid paying overtime. Defendants Omni, Marriot, and Westin are liable to Xclusive employees that worked at their hotels as joint employers. Additionally, Defendants Xclsuive and Astley are liable under RICO for fraudulent misrepresentations to Xclusive's clients and the USDOL that that harmed Plaintiffs and those similarly situated.

Based on these facts, Plaintiffs and those similarly situated bring claims under RICO, the FLSA, state wage statutes, and common law contract and equity.

**Defendants' Position**

Plaintiffs' RICO claims are based on Defendant's alleged failure to comply with wage and hour laws. Accordingly, the claims are preempted in whole or in part by the FLSA. Further, an alleged failure to pay wages cannot serve as the predicate act for Plaintiffs' RICO claims. Plaintiffs also lack standing to assert a RICO claim because their alleged injuries are not based on a concrete financial loss due to the speculative nature of their underlying FLSA claims. The RICO claims also fail because Plaintiffs fail to plead fraud with particularity as required by Fed. R. Civ. P. 9. Moreover, Plaintiffs fail to allege the essential elements of mail and wire fraud required to prove the racketeering activity element of a RICO claim.

Defendants deny they violated the FLSA or any other state, local, or federal law. Plaintiffs

and the putative plaintiffs were paid for all of the time they worked, received the required minimum wage, and were paid overtime at a rate of time and a half for all hours worked over 40 in a workweek. Employees also received periods and break periods as required by law. Further, Defendants did not engage in a uniform practice that violates the FLSA and, in fact, Xclusive has specific policies requiring employees not to work off the clock and for employees to alert Xclusive to any payroll that was not accurate or did not appropriately compensate them for all time worked. Xclusive also requests that employees confirm in writing that each paycheck they receive is accurate and appropriately compensates them for all hours worked, including overtime. Xclusive also did not violate the FLSA based on Plaintiff's allegations that Xclusive made $3.00 deductions from employees' paychecks. Any such deductions were made upon agreement with employees and, regardless, such deductions do not violate the FLSA. At all times relevant hereto, Defendants acted in good faith compliance with the law and Defendants did not willfully violate the FLSA. Accordingly, only a two-year statute of limitations should apply and Plaintiff is not entitled to liquidated damages under the FLSA. Moreover, Defendants did not receive a benefit at Plaintiff's expense.

Plaintiffs fail to sufficiently define their proposed "classes." Class and collective action certification is inappropriate in this case because Plaintiffs and the putative plaintiffs are not similarly situated. Among other things, Plaintiffs and the putative class members held a variety of different positions, had different duties and assignments, reported to different supervisors, and worked at different locations with different timekeeping systems. Plaintiffs are also unable to satisfy the Rule 23 requirements for class certification. Plaintiffs' Rule 23 class allegations are inherently inconsistent with their collective action allegations.

Plaintiffs, and other putative plaintiffs in this action, completed Audit Summary Sheets in which they indicated they were paid for all time worked and were paid time and a half for all overtime worked. Employees and putative plaintiffs in this action have also entered into an Arbitration Agreement, which requires that any claims arising out of or related to their employment by Xclusive will be resolved by binding and final arbitration. The Arbitration Agreements also foreclose employees' participation in class or collective actions relating to those claims subject to arbitration.

Plaintiffs' unjust enrichment claims fail because there are valid written contracts covering the same subject matter underlying the clams. Further, Plaintiffs' RICO, breach of contract, promissory estoppel, and unjust enrichment claims are barred in whole or in part by the FLSA's statutory remedies. Plaintiffs lack standing to assert claims under state laws in states they did not work. Moreover, Plaintiffs' state law claims are inappropriate for Plaintiffs' proposed classes and Plaintiffs have failed to state a claim under those state statutes. Further, Defendants deny that Plaintiffs are entitled to any relief under Colorado state statutes, and deny that Plaintiffs are entitled to any court relief under Colorado law for any alleged failures to receive 10-minute rest breaks.

Defendants also assert the following defenses, in addition to those asserted in any Answers filed in these consolidated cases: (a) Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands; (b) Plaintiffs are not entitled to recover attorney's fees under state law; (c) Plaintiffs' damages, if any, are barred or limited by their failure to reasonably mitigate damages; (d) Plaintiffs' claims are barred in whole or in part by the doctrine of claim preclusion; and (e) Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

Defendants reserve the right to assert other defenses as they become apparent or available as discovery progresses, and to seek amendment of this Scheduling Order consistent with the Federal Rules of Civil Procedure. No defense is being knowingly or intentionally waived.

### 4. STATEMENT OF UNDISPUTED FACTS

1. Xclusive Staffing, Inc. is a labor outsourcing firm based in Colorado.
2. Plaintiffs Isabel Valverde, Maria Simon, Jose Trejo, Marisol Trejo, and Vilma De Jesus Alvarenga Carranza were employed by Xclusive Staffing, Inc.

### 5. COMPUTATION OF DAMAGES

**Plaintiff**

Damages cannot currently be calculated without further discovery and consultation with a yet-to-be-retained expert. With that caveat, Plaintiff currently estimates class actual damages at roughly $15,000,000.00 per year, with the damages ongoing. This number is based upon an initial estimate of Xclusive having 1,000 employees in Colorado per year and 5,000 employees total per year (these numbers are likely much higher). The calculation also assumes these employees were not provided required breaks, were forced to work during uncompensated breaks, had $3.00 deducted from every pay check, and had an estimated additional $10.00 deducted from each pay check for costs that were principally for the benefit of the employer. The Plaintiff and the classes are further entitled to the following:

1. Treble damages and attorneys' fees pursuant to RICO (15 USC § 15(a));
2. Unpaid overtime, lunch breaks, liquidated damages, and attorneys' fees pursuant to the FLSA (29 U.S.C. §§ 201 *et seq.*);

3.  Statutory damages and attorneys' fees for unpaid labor pursuant to the unpaid labor laws of the several states;

4.  Costs;

5.  Prejudgment and post-judgment interest; and

6.  Such other relief as this Court deems just and proper.

**Defendants**

Defendants are not currently asserting claims for damages against Plaintiffs. Defendants, however, will seek attorneys' fees, costs, and any other relief that the Court deems just and proper if Defendants prevail on any of Plaintiffs' claims.

6.  **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**Date of Rule 26(f) meeting**

A Rule 26(f) conference was held on Monday, December 4, 2017.

**Names of each participant and party he/she represented.**

**For The Plaintiff:**

Alexander Hood
David Seligman

**For All Defendants:**

Matthew M. Morrison
Sherman & Howard L.L.C.
633 17th St., Suite 3000
Denver, CO 80202

**Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Disclosures in *Valverde* were exchanged in June 2016. Disclosures in *Trejo* will be exchanged on Friday, December 15, 2017.

### Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties agreed to extend the presumptive deadline for Rule 26(a)(1) disclosures to Friday, December 15, 2017.

### Statement concerning any agreements to conduct informal discovery

The parties have not agreed to conduct any specific informal discovery at this time. However, during the discovery in this case if it appears to all counsel that informal discovery would be productive they will discuss and coordinate such informal discovery.

### Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agree to cooperate and will utilize a unified exhibit numbering system and reduce discovery and litigation costs where possible. If necessary, counsel will negotiate and present the Court a joint protective order that would cover discovery confidentiality and procedures.

### Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that their claims and defenses will involve some electronically stored information ("ESI").

      i.    **Steps the parties have taken or will take to preserve electronically stored information;**

      Each party has taken steps to preserve ESI that may be relevant to this litigation. The parties agree to preserve and to not destroy or modify ESI that can reasonably be anticipated to be relevant to this litigation. The parties further agree to preserve all metadata.

  **ii.    Steps the parties have taken or will take to facilitate discovery of electronically stored information;**

      The parties expect the production of some ESI and will cooperate to determine the most efficient way to exchange such documents. The parties will produce electronic documents in reasonably usable format, and reasonable efforts shall be used to produce documents in the manner in which they are maintained.

  **iii.    Steps the parties have taken to limit the associated discovery costs and delay;**

      The parties expect the production of some ESI and will cooperate to determine the most efficient way to exchange such documents. The parties anticipate limited electronic discovery in this case. The parties agree to confer with each other in order to facilitate the discovery of ESI in the most effective way possible, and agree that to the extent any information is stored electronically, it will be produced electronically.

  **iv.    Steps the parties have taken to avoid discovery disputes relating to electronic discovery; and**

      The parties agree to act in good faith to facilitate the discovery of all relevant, properly requested, non-privileged, and properly discoverable ESI.

> v. **Steps the parties have taken to address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.**
>
> The parties will maintain electronically stored information that is relevant, but withheld due to privilege or trial-preparation (such as documents shielded from discovery by the work product doctrine), through trial and any appeals.

**Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have had settlement discussions and will continue to consider the possibility of settlement, including the potential use of ADR if appropriate.

7.  **CONSENT**

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

8.  **DISCOVERY PLAN AND LIMITATIONS**

*[handwritten: a.]*

**Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

*[handwritten: 8 facts Depositions plus experts if any]*

**PLAINTIFFS' POSITION:** ~~Plaintiffs propose that the parties be limited to 6 depositions.~~ *[handwritten: on Certification Issues only.]* ~~Moreover, the Plaintiffs propose that an exception be made to the scope of discovery for the purposes of depositions of individuals, *i.e.*, not for 30(b)(6) depositions. So that individuals are not forced to sit through multiple 7 hour depositions, Plaintiffs propose that individual depositions extend to merits issues and not be limited to class issues. If any party discovers documents in merits discovery that warrant a second deposition of an individual that has already been deposed, that party may move the Court and show good cause.~~

11

**DEFENDANTS' POSITION:** ~~Defendants propose that the parties be permitted 10 depositions per side for class certification discovery.~~

b. **Limitations which any party proposes on the length of depositions.**

Each deposition shall be limited to ~~7 hours.~~ 4 Hours, but if a Deponent needs an interpeter the 8 Hours.

**Limitations which any party proposes on the number of interrogatories, requests for production, and/or requests for admission.**

The parties propose that each side be entitled to serve <u>25 interrogatories, 25 requests for production, and 10 requests for admission</u> for the purposes of class discovery.

**Limitations on the number of experts.**

Each side shall be entitled to 1 expert for class certification.

9. **CASE PLAN AND SCHEDULE**

**Deadline for Joinder of Parties and Amendment of Pleadings** — None set at This Time

**PLAINTIFFS' POSITION:** ~~Plaintiffs do not believe a joinder or amendment deadline is proper as part of a bifurcated scheduling order for class certification because of the current uncertainties surrounding class certification. For example, if the Rule 23 class certification motion were denied, class members must be given the opportunity to intervene and this intervention would necessitate an amendment and constitute joinder. *See Crown v. Parker*, 462 U.S. 345, 353-54 (1983). Moreover, FLSA opt-ins should be given the opportunity to add additional claims arising from the same nucleus of facts after they opt-in. Absent that, they are inefficiently forced to pursue similar claims in separate forums and face the potential for claim preclusion. Further, for both Rule 23 class members and FLSA opt-ins, any deadline for joinder that falls prior to a certification order~~

and subsequent notice makes no sense, as Rule 23 certification and opting-in as a FLSA plaintiff inherently add additional parties. *See, e.g., Turner v. Chipotle Mexican Grill, Inc.*, 2015 WL 5579579 (D. Colo. Sept. 23, 2015). Given these moving parts, the bifurcation, and that the parties are here ordered to return to the Court after orders on class certification for additional scheduling, Plaintiffs position is that no deadline for joinder or amendment should be set until the subsequent scheduling order. Alternatively, if a deadline is set here, it should be triggered by the end of the FLSA opt-in period or the certification of a Rule 23 class, whichever occurs *later.*

**DEFENDANTS' POSITION**: Defendants propose February 12, 2018.

### Discovery Cut-off

Class discovery shall end on May 14, 2018.

### Class Certification Motion Deadline

The deadline for Plaintiffs to file motions for Rule 23 class certification of Colorado state law claims shall be June 11, 2018. Plaintiffs state that, notwithstanding this deadline, if Plaintiffs are permitted to proceed with class claims from other states or their nationwide RICO class, they will move the Court for additional discovery and a new class certification deadline.

### Expert Witness Disclosure

Expert disclosures shall be due on March 12, 2018.

Rebuttal expert disclosures shall be due on April 16, 2018.

### Identification of Persons to Be Deposed

As discovery progresses, the parties will identify the persons to be deposed and will work cooperatively together to appropriately schedule all depositions on dates on which both the

deponent and counsel for all parties are available.

### Deadline for Interrogatories

All interrogatories must be served no later than April 11, 2018, which is 33 days prior to the fact discovery cut-off.

### Deadline for Requests for Production of Documents and/or Admissions

All requests for production of documents and requests for admission must be served no later than April 11, 2018, which is 33 days prior to the fact discovery cut-off.

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. /Telephone/ Status conferences will be held in this case at the following dates and times: February 8, 2018 At 11:00 A.m. MST.

b. A final pretrial conference will be held in this case on _____ at _____ o'clock. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference. Not set At This.

**11. OTHER SCHEDULING MATTERS**

### Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement

None other than those delineated above.

### Anticipated length of trial and whether trial is to the court or jury.

The parties are unable to estimate trial length until classes and scope of the case are determined.

**Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities a t 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

None.

12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L.Civ.R. 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L.Civ.R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

13.   AMENDMENTS TO SCHEDULING ORDER

This scheduling order may only be amended upon a showing of good cause.

DATED at Denver, Colorado, this 11TH day of December, 2017.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Approved:

*s/ Alexander Hood*
Alexander Hood
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org


*s/ Matthew M. Morrison*
Jonathon M. Watson
Matthew M. Morrison
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Email: jwatson@shermanhoward.com
Email: mmorrison@shermanhoward.com
*Attorneys for Defendants*