**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01602-RM-MJW

JOSE TREJO, *et al.*; and those similarly situated,
        Plaintiffs,

    v.

XCLUSIVE STAFFING, INC.; *et al.*,

        Defendants.

---

**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT
TO FED. R. CIV. P. 12(c)**

---

This Motion raises the following question: whether an employee alleging a violation of Colorado's rest break rules may call upon a court for judicial relief.  As explained below, the Court should answer, "No."

Colorado's rest break rules are set forth in Colorado's Minimum Wage Order, which provides that "[a] compensated ten (10) minute rest period for each four (4) hours [of work] . . . shall be permitted for all employees."  Plaintiffs' Complaint alleges that Defendants "rarely" provided Plaintiffs with 10-minute rest breaks and, instead, paid Plaintiffs to work through their breaks.  Therefore, according to Plaintiffs, the Court should award them an ***additional*** ten minutes' worth of wages for each "lost break."  *See* Compl. at ¶¶ 229–230.  That is, even though Plaintiffs have already been paid for time spent working during each "lost break," Plaintiffs believe they should be paid for each "lost break" ***again***.

The Minimum Wage Order, however, does not provide any monetary remedy for violations of its rest break rules, and it does not grant employees any private right of action in court.  More importantly, neither do any Colorado statutes.  Rather, for an employee alleging a violation of

1

Colorado's rest break rules, the sole and exclusive remedy is to file a complaint with the Colorado

Division of Labor, which may then investigate and order compliance.  Indeed, Plaintiffs' requested

relief – additional wages for time ***they never worked*** – finds no basis whatsoever in Colorado law.

It is, in fact, contrary to both the letter and spirit of Colorado's wage laws.

Accordingly, Plaintiffs' sixth cause of action for "failure to provide 10-minute breaks under

Colorado law" does not state a claim for relief and should be dismissed.  Likewise, Plaintiffs'

fourth and fifth causes of action, to the extent they also seek compensation under Colorado law for

rest breaks never received, should be dismissed as well.[1]

## ARGUMENT

### I.      Standard for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

The Court evaluates a motion for judgment on the pleadings under Rule 12(c) using the

same standard that applies to a Rule 12(b)(6) motion to dismiss.  *Park Univ. Enters., Inc. v. Am.

Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  The Court views the motion in the light most

favorable to the nonmoving party and accepts all well-pleaded, non-conclusory facts as true.

*Teigen v. Reffrow*, 511 F.3d 1072, 1078 (10th Cir. 2007); *So. Disposal, Inc. v. Tex. Waste*, 161

F.3d 1259, 1262 (10th Cir. 1998).  However, the facts alleged must be enough to state a valid and

plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### II.     Colorado law does not provide a private right of action for alleged rest break violations.

Under Colorado's Minimum Wage Act, Colo. Rev. Stat. §§ 8-6-101 to -119, the Director

of Colorado's Division of Labor may determine appropriate minimum wages for employees

---

[1] Defendants' counsel have conferred with Plaintiffs' counsel regarding this Motion.  Plaintiffs are opposed to the Motion and the relief requested herein.

working within the state, as well as appropriate "standards of conditions of labor and hours of employment" for those employees. *See* Colo. Rev. Stat. §§ 8-6-103(3), -106.   The Director may then, either directly or through an appointed "wage board," adopt a Minimum Wage Order mandating that employers provide the appropriate minimum wages, working conditions, and work hours. *Weissman v. Crawford Rehab. Servs.*, 914 P.2d 380, 387 (Colo. App. 1995), *rev'd on other grounds*, 938 P.2d 540 (Colo. 1997); Colo. Rev. Stat. §§ 8-6-10 through -112.

Colorado's current Minimum Wage Order provides, as part of its regulations pertaining to working conditions and work hours, rules for rest breaks.   The rules state that:

> Every employer shall authorize and permit rest periods, which, insofar as practicable, shall be in the middle of each four (4) hour work period.   A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees.   Such rest periods shall not be deducted from the employee's wages.   It is not necessary that the employee leave the premises for said rest period.

*See* 7 C.C.R. 1103-1 at § 8.[2]

As explained below, neither the Colorado Minimum Wage Act, the Minimum Wage Order, nor any other applicable provision of Colorado law provides Plaintiffs with a private right of action for alleged violations of these rest break rules.

A.   <u>The legal framework for evaluating whether a private right of action exists</u>.

There is no controlling Colorado law specifically addressing whether employees may enforce Colorado's rest break rules through a private civil action.   This Court, therefore, "must attempt to construe the law of the State of Colorado in the manner in which the Supreme Court of Colorado would, if faced with the same facts and issue." *Aurora v. Bechtel Corp.*, 599 F.2d 382,

---

[2] This same language has been included in all the Minimum Wage Orders in effect during the time period relevant to Plaintiffs' claims.

386 (10th Cir. 1979).  *See also Rawson v. Sears, Roebuck & Co.*, 822 F.2d 908, 910 (10th Cir. 1987) (same).

As recognized by Colorado's Supreme Court, "[t]he law does not supply a remedy for every wrong."  *City of Arvada ex rel. Arvada Police Dep't v. Denver Health & Hosp. Auth.*, 403 P.3d 609, 613 (Colo. 2017).  Therefore, to determine whether a judicial remedy exists for an alleged violation of a state statute or regulation, a court must first determine whether the applicable statute expressly creates a private right of action.  *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 923 (Colo. 1997).  If there is no express right of action, the court must then decide whether an implied private right of action exists, which requires the court to examine: (1) "whether the plaintiff is within the class of persons intended to be benefitted by the legislative enactment"; (2) "whether the legislature intended to create, albeit implicitly, a private right of action"; and (3) "whether an implied civil remedy would be consistent with the purposes of the legislative scheme." *City of Arvada*, 403 P.3d at 614–15.

B.  <u>Colorado law does not provide an express private right of action for alleged rest break violations.</u>

The Colorado Minimum Wage Act does not mention rest breaks, much less expressly provide a private cause of action for violations of the rest break rules described in the Minimum Wage Order.  The only private cause of action expressly authorized by the statute relates to an employer's failure to pay minimum wages.  Specifically, the statute provides that "[a]n employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage. . . ."  *See* Colo. Rev. Stat. § 8-6-118.  No other private civil actions are expressly authorized by the Colorado Minimum Wage Act.

Likewise, the Minimum Wage Order does not expressly permit a private cause of action for an employer's failure to provide 10-minute rest breaks.  *See* 7 C.C.R. 1103-1.  As with the Minimum Wage Act, the only private civil action expressly referenced in the Minimum Wage Order is an action to recover unpaid minimum wages.  *See* 7 C.C.R. 1103-1 at § 18.  Even if the Colorado Division of Labor attempted to include a private right of action for rest beak violations in the Minimum Wage Order, it would not be effective and could not be enforced by this Court; only the Colorado legislature may authorize private civil actions for violations of state statutes and regulations.  *See USA Tax Law Ctr., Inc. v. Office Warehouse Wholesale, L.L.C.*, 160 P.3d 428, 431 (Colo. App. 2007) ("Language in a regulation may invoke a private right of action that Congress through the statutory text created, but it may not create a right that Congress has not.") (*quoting Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)).  *See also McDonald v. J.P. Morgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 36949, *8 (D. Colo. Mar. 23, 2015) (no private civil action under federal regulation because "only a statute can create a private right of action").[3]

---

[3] Although the court in *USA Tax Law Ctr.* applied United States Supreme Court precedent to determine that no private right of action existed under a federal statue, Colorado courts draw "useful guidance" from the United States Supreme Court when evaluating the existence of private rights of action under Colorado law.  *See Rawson*, 822 F.2d at 920–21.  The Colorado Supreme Court would, therefore, likely hold that state administrative regulations – like the Minimum Wage Order – cannot create a private right of action, and only statutes enacted by the Colorado legislature may do so.  Indeed, the Colorado Supreme Court has already alluded to such a holding.  *See, e.g., Gerrity Oil & Gas*, 946 P.2d at 923 (explaining that when a "claimant alleges that a statute, ordinance, or regulation implicitly creates a private right of action, the critical question is whether *the legislature* intended such a result.") (emphasis added).  *See also City of Arvada*, 403 P.3d at 614 (when addressing whether a private right of action exists, "our fundamental task must be to discern and effectuate *the legislature's intent*") (emphasis added).

C.   Colorado law does not provide an implied private right of action for alleged rest break violations.

As stated above, to determine whether an implied private right of action exists for alleged rest break violations, the Court must examine: (1) "whether the plaintiff is within the class of persons intended to be benefitted by the legislative enactment"; (2) "whether the legislature intended to create, albeit implicitly, a private right of action"; and (3) "whether an implied civil remedy would be consistent with the purposes of the legislative scheme." *City of Arvada*, 403 P.3d at 614–15.  However, the second factor is the most important and is, in fact, determinative. *See Gerrity Oil & Gas*, 946 P.2d at 923 (explaining that "the critical question is whether the legislature intended [to create a private right of action].").  *See also Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979) (stating that, while all the factors described above are relevant, not all the factors are entitled to equal weight, and the determinative question is "whether [the legislature] intended to create the private right of action asserted").

In this case, although Plaintiffs may satisfy the first factor because they are "within the class of persons intended to be benefitted" by Colorado's rest break rules, they cannot satisfy the second factor because the Colorado legislature never "intended to create, albeit implicitly, a private right of action" for rest break violations. *See City of Arvada*, 403 P.3d at 614–15.  Indeed, an implied civil remedy would be inconsistent with Colorado's wage and hour laws, meaning Plaintiffs also cannot satisfy the third factor in the Court's analysis. *See id.*

1.   *The Colorado legislature did not intend to create a private right of action for alleged rest break violations.*

The Colorado Supreme Court has explained that a court examining Colorado law should "not infer a private right of action based on a statutory violation unless [it] discern[s] a ***clear***

6

legislative intent to create such a cause of action." *Gerrity Oil & Gas*, 946 P.2d at 923 (emphasis added). *See also Quintano v. Indus. Comm'n*, 495 P.2d 1137, 1139 (Colo. 1972) ("If the General Assembly has the intent that [private parties] use [a] statute as the basis for civil liability, then its expression of this intent should be loud and clear, i.e., by authorizing the remedy. This is not a subject in which we should attempt to infer such a legislative intent."). Therefore, Colorado courts rarely find that an implied private right of action exists. *City of Arvada*, 403 P.3d at 613 ("When a statute does not specify what constitutes an actionable injury, we look to the law of implied private rights of action to determine whether the statute might still create a claim conferring standing. We don't often find such a claim.")

The Minimum Wage Act does not contain any clear expression of legislative intent to create a private right of action for rest break violations. As explained above, the Act permits the Director of the Colorado Division of Labor to issue a Minimum Wage Order containing rules regarding not only minimum wages, but also rules regarding work conditions and work hours – including rules relating to rest breaks. *See* Argument, Section II, *supra*. However, the Act only permits a private civil action for minimum wage violations, and no others. *Id*. at Section II.B, *supra*; Colo. Rev. Stat. § 8-6-119. These provisions demonstrate that the legislature considered whether to allow private civil actions for regulations promulgated by the Division of Labor and set forth in the Minimum Wage Order, and chose to allow private civil actions ***only*** for an employer's failure to pay minimum wages. *See Gerrity Oil & Gas*, 946 P.2d at 925 (holding that statute providing injunctive relief for only certain violations demonstrated that the legislature considered whether to allow private rights of action, and chose to limit them as described in the statute); *Holter v. Moore & Co.*, 681 P.2d 962, 965 (Colo. 1988) ("In the absence of strong indicia of legislative

intent to the contrary, courts are compelled to conclude that the legislature provided precisely the remedies it considered appropriate.").

Furthermore, the Colorado legislature has established administrative procedures and administrative remedies for an employer's violations of rules promulgated by the Division of Labor – including rules relating to rest breaks.   In particular, the Division's Director may investigate issues relating to the payment of minimum wages, working conditions, and work hours (*see* Colo. Rev. Stat. § 8-6-107); hold investigative hearings and subpoena witnesses and documents (*see* Colo. Rev. Stat. § 8-1-125(1) and § 8-6-108); and then enter an award or an order resolving any disputes between the employee and his employer (*see* Colo. Rev. Stat. § 8-1-125(4) and § 8-1-130).  Any order or award issued by the Director is then subject judicial review, as set forth in the Colorado Administrative Procedure Act.  Colo. Rev. Stat. § 8-1-130 and § 24-4-106(3).  The Director's order or award may also be enforced, if necessary, through a court order.  Colo. Rev. Stat. § 24-4-106(3). Furthermore, if the Director lawfully enjoins an employer from engaging in particular conduct (such as, for example, denying rest breaks) and the employer fails to comply, then the employer and its officers, agents, and representatives are subject to fines and criminal penalties.  Colo. Rev. Stat. § 8-1-140.

This administrative enforcement scheme reflects an intention to preclude private civil remedies for alleged rest break violations. *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 910 (Colo. 1992) ("[T]he legislative decision to enact a particular administrative remedy to redress a statutory violation is consistent with a legislative intent to preclude a private civil remedy for breach of the statutory duty.").  *See also City of Arvada*, 403 P.3d at 614 ("Generally, if the legislature includes a remedy in the statute at issue, we will conclude it did not intend for the courts to create others.").

For example, in *Holter v. Moore & Co*., the Colorado Court of Appeals addressed whether an implied private right of action existed under one of Colorado's real estate statutes, or its related regulations. *Id*. at 963.  The court observed that the state's real estate commission was responsible for enforcing compliance with statute and regulations, and for disciplining non-compliance. *Id*. at 965.  The court held that "[w]here a statute creates legal duties and provides a particular means of enforcement, the designated remedy is exclusive and courts are without authority to impose others," and then declined to find a private right of action "in light of the [administrative] enforcement procedures provided in the [real estate] statutory scheme. *Id*.  *See also Board of County Commissioners v. Moreland*, 764 P.2d 812, 818–19 (Colo. 1988) (where remedies other than private damages are provided for in a statute, "this reflects that the state legislature . . . gave thought to the issue of civil liability but made no provision for imposition of such liability").[4]

---

[4] Many Colorado court decisions express the same principles.  *See Bd. of Comm'rs v. Pfeifer*, 546 P.2d 946, 949 (Colo. 1976) ("[I]n this case the legislature has clearly and expressly established the remedies available to the Board in order to enforce its subdivision requirement, and they are so limited."); *Gladden v. Guyer*, 426 P.2d 953, 957 (Colo. 1967) ("The penalty provided by the legislature for [violation of the statute] is a fine . . . or imprisonment . . .., or both. To declare void a contract entered into without [a] certificate [as the statute required] would be enlarging upon the penalties provided by the legislature."); *Am. Tele. & Commc'ns Corp. v. Manning*, 651 P.2d 440, 447 (Colo. App. 1982) ("[W]here a statute creates legal duties which were non-existent at common law and provides a particular means for their enforcement, the designated remedy is exclusive, and courts should not imply new remedies to accompany the new right in the absence of some legislative indication or other circumstances that such a result was intended."); *Bd. of Cnty. Comm'rs v. HAD Enterprises, Inc*., 533 P.2d 45, 46 (Colo. App. 1974) ("[The statute] provides that one who violates the terms thereof shall be guilty of a misdemeanor and may be subject to a fine and imprisonment. These provisions are the sole remedies under the act. . . . Where the legislature has not seen fit to authorize a particular remedy in a statute, we cannot supply one."); *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370, 1378 (Colo. App. 1982) ("The General Assembly could have added the remedy of a private civil action for damages to its catalog of sanctions. It did not do so, however, and in the absence of any indication of contrary legislative intent, we must assume that the specific remedies designated by the General Assembly exclude all others."), *aff'd*, 691 P.2d 1138 (Colo. 1984).

Accordingly, the Court should hold that Colorado law does not allow Plaintiffs to pursue a private civil action for alleged violations of the state's rest break rules.

2. *The Colorado Division of Labor did not intend to create a private right of action for alleged rest break violations.*

As explained above, a state administrative agency like the Colorado Division of Labor cannot enact a regulation creating a private right of action. *See* Argument, Section II.B, *supra*. However, even assuming the Colorado Minimum Wage Order could impliedly create a private right of action for alleged rest break violations, it does not do so.

The Minimum Wage Order describes three types of remedies: administrative remedies enforced by the Division for any violation of the Wage Order, a private right of action for employees receiving less than the required minimum wage, and criminal penalties for employers who pay less than the minimum wage. *See* 7 C.C.R. 1103-1 at §§ 15–20. Regarding administrative remedies, Section 15 of the Wage Order states that any person may register with the Division a written complaint alleging a violation of the Wage Order, and as described in Section 16, the Division may then "investigate and take all proceedings necessary to enforce the payment of the minimum wage rate *and other alleged violations of this Wage Order* . . . ." *Id.* at §§ 15, 16 (emphasis added). While failure to pay minimum wages and other violations of the Minimum Wage Order are subject to this administrative enforcement scheme, minimum wage violations are subject to additional remedies.

Specifically, as described in Section 20, employers who fail to pay required minimum wages are subject to fines and criminal prosecution. *See* 7 C.C.R. 1103-1 at § 20. Section 18 restates the Colorado Minimum Wage Act's express private right of action for "an employee receiving less than the legal minimum wage." *Id.* The Wage Order does not mention any

additional violations that are entitled to a private right of action, and makes no mention of a private right of action for violating the Wage Order's rest break requirements. *Id.* If the Division intended to include other violations of the Wage Order in its civil remedy provision, it could have used the same language that it used when describing administrative remedies in Section 16 (*i.e.*, violations of the "*minimum wage rate* and *other alleged violations* of this Wage Order"). The Court must conclude that the Division made a conscious and deliberate decision choice not to do so. *See Gerrity Oil & Gas*, 946 P.2d at 925; *Holter v. Moore & Co.*, 681 P.2d at 965.

3.     *A private right of action is inconsistent with Colorado's statutory scheme.*

As already mentioned, statutory intent to create a private remedy "is determinative." *Alexander*, 532 U.S. at 286. "Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *McKenzie v. United States Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1157 (10th Cir. 2014). However, to the extent the Court wishes to consider the third factor relating to private rights of action, the Court should conclude that a private civil action allowing Plaintiffs to receive an extra ten minutes' worth of wages for each "lost break" is inconsistent with Colorado's wage and hour laws.

First, although the purpose of Colorado's rest break rules is, obviously, to encourage employers to provide employees with rest breaks, refusing to recognize a private right of action will not frustrate this purpose. The administrative remedies provided by the Colorado Minimum Wage Order and its related statutes ensure that employers provide required rest breaks. A private right of action in unnecessary. *See Gerrity Oil & Gas*, 946 P.2d at 925–26 (holding that property owner did not have private right of action against oil and gas company in part because the

"legislature has enacted a panoply of remedies to ensure that oil and gas production in Colorado does not occur at the expense of the environment or surface owners," and thus, "refusal to infer a private cause of action . . . does not frustrate these purposes").

Secondly, providing the specific remedy requested by the Plaintiffs – an additional ten minutes' worth of wages for "lost breaks" – is inconsistent with Colorado's wage and hour laws. In particular, although Colorado law allows an employee to recover unpaid wages or compensation, only amounts "earned" through "labor or service" are considered wages or compensation. *See* Colo. Rev. Stat. § 8-4-101(14). Here, although Plaintiffs have already been paid for working through any "lost breaks," Plaintiffs believe they should be paid for each "lost break" *again*. In other words, because Plaintiffs are seeking another ten minutes of wages for breaks allegedly never taken, Plaintiffs seek an additional ten minutes of wages *for time they never worked*. Providing Plaintiffs with a private cause of action to pursue this remedy is, therefore, inconsistent with the Colorado legislature's intent.

In fact, in a separate case, an official from the Division of Labor has stated "there is no monetary recovery" for missed rest breaks because "Colorado wage law requires that employees be paid for all hours worked, not for hours not worked." *See* Exhibit G to Defendants' Motion for Partial Summary Judgment in *Lozoya v. All Phase Landscape Construction, Inc*., 12-CV-01048-JLK-KLM, attached hereto as Exhibit 1. As explained by the Division of Labor's official, if an employer is not providing employees with rest breaks, the Division "will inform employees . . . of the law and require that they provide proof of a change in policy that brings them into

compliance with the law." *Id.* But employees have no right to bring their own civil action for monetary damages.[5] *Id.*

### III. The Plaintiffs' anticipated arguments should be rejected.

Plaintiffs will likely respond to this Motion by citing two decisions issued by other judges in this District Court. In *Lozoya v. AllPhase Landscape Constr., Inc.*, 2015 U.S. Dist. LEXIS 49493, *5–6 (D. Colo. Apr. 15, 2015), Judge Kane addressed similar rest break claims, stating that there are "no state or federal Colorado decisions [directly] on point." *Id.* Judge Kane held, however, that missed rest breaks can constitute unpaid wages recoverable under the Colorado Wage Claim Act, citing only to a Washington state court decision that allows missed rest breaks to be recovered as wages under Washington law. *Id.* (*citing Wingert v. Yellow Freight Systems, Inc.*, 50 P.3d 256, 260 (Wash. 2002)). Judge Kane provided no other analysis. *Id.*

In *Sanchez v. Front Range Transportation*, 2017 U.S. Dist. LEXIS 150069 (D. Colo. Sept. 15, 2017), the defendants "suggested" there was no private right of action for violations of Colorado's rest break rules, but "provide[d] no authority for this proposition." *Id.* at *11. Judge

---

[5] Allowing Plaintiffs to bring a private civil action for alleged rest break violations would also raise a host of issues that have never been addressed by any court applying Colorado law, including: (1) whether employers may be held liable if employees take ten-minute rest breaks, but the breaks are "unauthorized"; (2) whether the 10-minute rest breaks must be uninterrupted and completely "duty free," and if so, whether a work-related interruption requires the break to "start over"; (3) whether the breaks must consist of ten continuous minutes, or may be divided into smaller 5-minute increments; (4) whether substantial compliance (*e.g.*, providing an eight-minute or nine-minute rest break) avoids liability; (5) whether there are any exceptions to the Wage Order's rest break requirements such as, for example, employees who work alone; and (6) what is meant by the Wage Order's requirement that rest breaks be provided every four hours "or major fractions thereof" – *i.e.*, whether two rest breaks are required if an employee works more than six hours, and if so, whether a 30-minute meal break may be substituted for one of the rest breaks. The Colorado legislature has not empowered courts to resolve these questions.

Jackson, however, stated that he agreed with the holding in *Lozoya* and, therefore, held that plaintiffs had a private right of action for violations of the Minimum Wage Order. *Id*. at *11–12.

Neither of these decisions are controlling on this Court, and they should not be followed here, for a variety of reasons set forth below. Indeed, if the Court wishes to follow Judge Kane's approach and review similar decisions arising in other states, many courts around the country have declined to find a private right of action for an employer's failure to provide either rest breaks or meal breaks. Colorado's rest break rules are, in fact, more similar to Oregon's rest break provisions than the Washington state law provisions referenced by Judge Kane – and Oregon courts have held that no private right of action exists for an employer's failure to provide rest breaks.

A.     *Lozoya* and *Sanchez* are not controlling, or persuasive.

"A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Doe v. Univ. of Colo.*, 255 F. Supp. 3d 1064, 1085 (D. Colo. 2017). The decisions issued in *Lozoya* and *Sanchez*, therefore, are not binding on this Court.

Furthermore, this Court should conclude that *Lozoya* and *Sanchez* are not persuasive and should not be followed. Neither Judge Kane nor Judge Jackson analyzed relevant factors for determining whether an implied right of action exists, much less any of the legal authority or arguments now included in this Motion. In fact, the defendants' motion in *Lozoya* did not provide Judge Kane with *any* supporting case law, and it failed to present most of the arguments now set forth in this Motion. *See* Defendants' Motion for Partial Summary Judgment in *Lozoya v. All Phase Landscape Construction, Inc*., 12-CV-01048-JLK-KLM, attached hereto as Exhibit 1, at pp. 10–12. Similarly, as noted by Judge Jackson, the defendants in *Sanchez* provided the court with

no legal authority whatsoever in support of their position. *See Sanchez,* 2017 U.S. Dist. LEXIS 150069 at *11. If Judge Kane and Judge Jackson had considered the arguments and legal authority included in this Motion, their decisions likely would have be different.

In addition, the holding in *Sanchez* relied almost entirely on Judge Kane's holding in *Lozoya,* which – in turn – relied exclusively on *Wingert,* a Washington state case. *See Lozoya,* 2015 U.S. Dist. LEXIS 49493 at *5–6 (*citing Wingert,* 50 P.3d at 260.) However, the decision in *Wingert* is not helpful to the Court in deciding the issues presented here.

The court in *Wingert* did not address or apply any of the case law or legal authority existing in Colorado, and described above. In fact, *Wingert* assumed the state's administrative labor agency could create an implied right of action for violations of the state's rest break regulations, which is contrary to the law in Colorado. *Compare Wingert,* 50 P.3d at 961 (assuming that Washington Department of Labor and Industries would not create a right to rest breaks without also creating a means for employees to enforce that right) with *USA Tax Law Ctr.,* 160 P.3d at 431 *and* fn.3, *supra.* Moreover, the court in *Wingert* presumed that if employees have a right to rest breaks, there must be an implied private right of action for employees to enforce their rights. 50 P.3d at 961. In Colorado, however, [t]he law does not supply a remedy for every wrong," *see City of Arvada,* 403 P.3d at 613, and a court will not find that an implied private of action exists unless it "discern[s] a ***clear*** legislative intent to create such a cause of action." *Gerrity Oil & Gas,* 946 P.2d at 923 (emphasis added). *See also Safe Sts. All. v. Hickenlooper,* 859 F.3d 865, 902 (10th Cir. 2017) (courts "cannot, by avowing that there is a right but no remedy known to the law, create a remedy in violation of law . . . .") (*quoting INS v. Pangilinan,* 486 U.S. 875, 883(1988)). Further, while the court in *Wingert* believed that a private civil remedy was needed to enforce Washington

employees' rights to rest breaks, the same is not true here – the Colorado legislature has established administrative procedures and administrative remedies for an employer's violations of rules promulgated by the Division of Labor – including rules relating to rest breaks. *See* Argument, Section II.C.1, *supra*.

Washington's rest break regulation is also different from Colorado's. The Washington, regulation provides that "[e]mployees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time." Wash. Admin. Code § 296-126-092. When finding that missed rest breaks are compensable as unpaid "wages," Washington state court decisions rely heavily on the language in the state regulation requiring that rest breaks be provided "on the employer's time." *See Lopez Demetrio v. Sakuma Bros. Farms, Inc.*, 355 P.3d 258, 263 (Wash. 2015); Wash. Admin. Code § 296-126-092. There is no such language in the Colorado Minimum Wage Act, the Minimum Wage Order, or any other applicable statute or regulation.

For these reasons, the Court should give no weight to *Lozoya*, *Sanchez*, or decisions arising under Washington law. As explained below, if the Court wishes to examine the law in other states, Colorado's rest break rules are more similar to Oregon's rest break regulations than the Washington state provisions referenced in *Lozoya* – and the Oregon Supreme Court has held that no private right of action exists for violating the state's rest break regulations. *See Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 185 P.3d 446, 453 (Or. 2008). Many other states, in fact, hold there is no private civil action for an employer's failure to provide rest breaks or meal breaks.

B.     Other states have declined to recognize a private right of action for rest break violations.

Much like the rest break rules in Colorado's Minimum Wage Order, Oregon's rest break regulation requires "[a] period of rest of not less than ten minutes for every segment of four hours

or major fraction thereof worked in one work period without deductions from the employee's pay." *See Gafur*, 185 P.3d at 450–51 (*quoting* O.A.R. § 839-020-0050(1)(b)); 7 C.C.R. 1103-1 at § 8 ("A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages."). In *Gafur*, the Oregon Court of Appeals held that, because the regulation entitles employees to rest breaks "without deduction from the employee's pay," the provision entitles employees to four hours of pay for three hours and 50 minutes of work, and thus an extra 10 minutes of compensation for each fours worked without a rest break. *See* 185 P.3d at 451.

The Oregon Supreme Court overruled the Court of Appeals. *Id.* It held that nothing in the rest break rules required additional wages for missed rest breaks, and the requirement that rest breaks not be deducted from an employee's pay actually supported a conclusion that employees were not entitled to recover additional wages for missed breaks. *Id.*

The Oregon Supreme Court began by noting that when rest breaks are taken by employees, those employees are performing "work" within the meaning of wage and hour laws. *See* 185 P.3d at 451. The court explained that "[t]he fact that an employer may not deduct wages from the employee's pay for the rest break . . . supports the idea that employees are working during rest periods, even if they are not performing duties at that time." *Id.* Furthermore, related Oregon regulations provided that (1) "employees who are required to 'wait' as part of their jobs are considered to be working, so long as 'the time spent waiting belongs to and is controlled by the employer and the employee is unable to use the time effectively for the employee's own purposes'"; (2) "an employee who is required to remain on-call on the employer's premises or so close thereto that the employee cannot use the time effectively for the employee's own purposes

is 'working' while on-call"; and (3) "employees who are required to be on duty for less than 24 hours are considered to be working even though they are permitted to sleep or engage in other activities when not busy." *Id*. at 451–52. "By the same token, the fact that a 10-minute rest break is too short to enable an employee to use the time effectively for his or her own purposes suggests that the employee is 'working' for purposes of the wage and hour laws." *Id*. at 452.

The Oregon Supreme Court then explained that:

> An employee who works four hours and takes a 10 minute rest break within that four-hour period 'works' the same amount of time (for wage and hour purposes) as an employee who works four hours and does not take a rest break. In each circumstance, the employee is entitled to four hours pay and no more. Therefore, in this case, employees who were not provided rest breaks during a four-hour shift but were paid for four hours of work for that shift have not been paid "less than the wages to which the employee is entitled" under [Oregon's statutes and regulations].

*Gafur*, 185 P.3d at 452. The court went on to observe that violations of the state's rest break rules are subject to administrative fines and criminal prosecution. *Id*. at 453. The court then concluded by holding that no private right of action for rest break violations exists under Oregon law. *Id*.

This Court should reach the same result.[6] Like Oregon's regulations, the Colorado Minimum Wage Order provides that rest breaks should not be deducted from an employee's

---

[6] In fact, many other states have held that laws requiring employers to provide meal and rest breaks do not create private causes of action - including, for example, Arkansas, Illinois, Massachusetts, Nevada, and New York. *Helmert v. Butterball, LLC*, 2009 U.S. Dist. LEXIS 116460, * (E.D. Ark. Dec. 15, 2009) (no private action for meal period violations); Wineland v. Casey's Gen. Stores, Inc., 554 F. Supp.2d 915, 921 (S.D. Iowa 2008) (applying Illinois law and holding that it does not provide a private action for meal break violations); *Salvas v. Wal-Mart Stores, Inc.*, 893 N.E.2d 1187, 1215–16 (Mass. 2008) (no private right of action for meal period violations, in part because statute permitted attorney general to enforce meal period requirements); *Cueto-Reyes v All My Sons Moving Co.*, 2010 U.S. Dist. LEXIS 119787, *6–7 (D. Nev. Nov. 10, 2010) (no private action permitted for meal or rest break violations); *Romero v. DHL Express, Inc.*, 2015 U.S. Dist. LEXIS 36974, *17–18 (S.D.N.Y. March 24, 2015) (no private civil remedy for violations of New York's rest break regulations because state agency is responsible for enforcement of the regulations).

wages, indicating that rest breaks are "work."   Furthermore, the Colorado Minimum Wage Order, like the regulations at issue in Oregon, define "waiting time" as work (*see* 7 C.C.R. 1103-1 at § 2, defining "Time Worked"); provide that time spent on the employer's premises and subject to the employer's control is "work" (*see id.*; 7 C.C.R. 1103-1 at § 8, stating that employees on rest breaks may be required to remain on employer's premises); and state that employees required to be on duty for 24 hours or more are engaged in compensable "work" even while sleeping (*see* 7 C.C.R. 1103-1 at § 2, defining "Sleep Time").   This Court should, therefore, also conclude that "[a]n employee who works four hours and takes a 10 minute rest break within that four-hour period 'works' the same amount of time (for wages and hour purposes)  as an employee," like any of the Plaintiffs in this case, "who works four hours and does not take a rest break."  *Gafur*, 185 P.3d at 452.  Plaintiffs are not entitled to recover additional wages for alleged "lost breaks," and because they have no private right of action and no legal basis for their rest break claims, the Court should enter a judgement on the pleadings and dismiss those claims.

## CONCLUSION

Plaintiffs cannot identify any statutory or regulatory text creating a private right of action for their rest break claims, or any statutory or regulatory text authorizing the monetary remedies they seek from this Court.  Defendants request that the Court grant this Motion in its entirety, dismiss Plaintiffs' sixth cause of action for "failure to provide 10-minute breaks under Colorado law, " dismiss Plaintiffs' fourth and fifth causes of action to the extent they seek compensation for rest breaks never received, and award Defendants such other relief as it deems just and appropriate.

Respectfully submitted this 29th day of May, 2018.

SHERMAN & HOWARD L.L.C.

*s/ Matthew M. Morrison*
Jonathon M. Watson
Matthew M. Morrison
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Email:  mmorrison@shermanhoward.com
Email:  jwatson@shermanhoward.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 29th day of May, 2018, I electronically filed the foregoing **DEFENDANTS' MOTION PARTIAL JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Alexander Hood
> David Seligman
> TOWARDS JUSTICE
> 1535 High St., Suite 300
> Denver, CO  80218
> *Attorneys for Plaintiffs*
> alex@towardsjustice.org
> david@towardsjustice.org

*s/ Louisa Boyte*