**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-NRN

ISABEL VALVERDE
MARIA SIMON; and those similarly situated

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION; and
MARRIOTT INTERNATIONAL, INC.

    Defendants.


Civil Case No. 17-cv-01602-RM-NRN

JOSE TREJO;
MARISOL TREJO;
OBDULIA JULIE CORTES;
VILMA DE JESUS ALVARENGA CARRANZA; and those similarly situated

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY; and
WESTIN DIA OPERATOR, LLC,

    Defendants.

### JOINT MOTION TO STAY ALL DEADLINES AND TOLL THE STATUTES OF LIMITATIONS FOR THE CONDITIONALLY CERTIFIED COLLECTIVE CLASSES' FLSA CLAIMS PENDING MEDIATION

#### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.Colo. L.R. 7.1(A)

The parties are filing this motion jointly.

#### MOTION

The parties respectfully request that the Court stay all deadlines in these cases so the parties may pursue private mediation with the aim of reaching a Rule 23 classwide settlement for Defendants' employees in Colorado.

Since January 2018, the parties have been engaged in extensive class certification discovery, which has included several depositions, expert reports from both sides, and the production of tens of thousands of documents. Furthermore, the parties have briefed several dispositive issues with respect to Plaintiffs' claims. Some of those motions are still pending before the Court. *See, e.g.*, *Valverde*, ECF Doc. 241, *Trejo*, ECF Doc. 20. On August 31, 2018, the Court granted Plaintiffs' motion for notice to tens of thousands of Defendants' current and former employees around the country. This notice would inform these employees of their right to opt-in to the litigation to pursue Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, claims against Defendants. *Valverde*, ECF Doc. 248. Defendants have begun the process of identifying contact information for tens of thousands of class members so that Plaintiffs can provide notice consistent with the Court's order and Plaintiffs have provided draft notices and consent forms to Defendants.

Considering the ongoing (and continued) costs of discovery for both sides, the risks for both sides relating to the outstanding motions, the costs of providing notice, and Plaintiffs' belief

that Defendants may have altered the alleged policies that form the basis of Plaintiffs' lawsuits to minimize or eliminate wage violations, the parties agree that it is prudent to explore the possibility of settlement. Furthermore, in light of preliminary settlement discussions, they are cautiously optimistic about the possibility of resolving this litigation through mediation.

Pursuant to D.C.Colo.LCivR 16.6(a), the Court has the authority to grant the requested stay. *Id*. ("To facilitate settlement or resolution of the suit, the district judge . . . may stay the action in whole or in part during a time certain or until further order."). The Court also has inherent authority to stay proceedings. *See PWD, Inc. v. Travelers Indem. Co. of Am.,* Civil Action No. 17-cv-02561-RM-KMT, 2017 U.S. Dist. LEXIS 204120, *1 (D. Colo. Dec. 12, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Furthermore, the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, *4–5 (D. Colo. March 30, 2006), which courts in the district often consider when presented with a motion to stay proceedings, weigh in favor of a stay. Plaintiffs state that their interests in proceeding expeditiously and avoiding potential prejudice will not be adversely impacted by a short stay pending mediation. Similarly, Defendants state they would suffer no undue burden from a stay. A stay is also in the interest of judicial economy, so a stay would not inconvenience the Court. Finally, the interests of third parties and the public at large do not weigh either for or against a stay, given that (1) potential FLSA opt-in plaintiffs have not yet received notices of these consolidated lawsuits, and (2) the parties have agreed to toll the running of the statute of limitations for any potential FLSA opt-in plaintiffs during the pendency of the stay, as described below. Thus, the Court should find that the parties' requested stay is appropriate.

Because the parties request a stay before notice is transmitted to a nationwide class of potential FLSA opt-in plaintiffs, the parties also jointly request that the statutes of limitations for all potential FLSA opt-in plaintiffs be tolled during settlement negotiations so that their right to pursue FLSA claims—in this case if it does not resolve, or in another action if this case does resolve before notice—will not be prejudiced. Specifically, the parties request that, if a stay is granted by the Court, the FLSA statute of limitations be tolled for all members of all conditionally certified collective classes in these matters until (1) two weeks after any mediation undertaken by the parties or (2) two weeks after a notice to this Court by either party that settlement discussions have deteriorated and mediation will not be occurring.

If the parties do not come to preliminary settlement agreement post-mediation, they will promptly issue notice to potential FLSA opt-in plaintiffs. If the parties are able to reach a preliminary class settlement for Colorado employees, their motion for preliminary approval of the settlement will discuss the rights of potential FLSA opt-in plaintiffs who worked in other states and have not joined in this action, but who will retain their right to pursue FLSA claims separately.

The parties therefore jointly request that all deadlines in both of the above-captioned cases be stayed pending mediation and that the statutes of limitations for all members of the conditionally certified collective classes be tolled as described above.

Respectfully submitted,

*s/*Alexander Hood
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289

4

Email:alex@towardsjustice.org

*Attorney for the Plaintiffs*

*/s/ Matthew M. Morrison*
Jonathon M. Watson
Matthew M Morrison
James S. Korte
633 17th Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940
Email:   jwatson@shermanhoward.com
Email:   mmorrison@shermanhoward.com
Email:   jkorte@shermanhoward.com

*Attorney for Defendants*

### Certificate of Service

I hereby certify that on September 13, 2018 I served a true and correct copy of the forgoing on the individuals below pursuant to Fed. R. Civ. P. 5.

*s/*Alexander Hood
Alexander Hood
Attorney for Plaintiffs