**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-NRN

ISABEL VALVERDE
MARIA SIMON; and those similarly situated

   Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION; and
MARRIOTT INTERNATIONAL, INC.

   Defendants.


Civil Case No. 17-cv-01602-RM-NRN

JOSE TREJO;
MARISOL TREJO;
OBDULIA JULIE CORTES;
VILMA DE JESUS ALVARENGA CARRANZA; and those similarly situated

   Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY; and
WESTIN DIA OPERATOR, LLC,

   Defendants.

---

**JOINT MOTION TO CONTINUE STAY AND TOLLING AND JOINT STATUS REPORT**
**REGARDING MEDIATION**

---

This Court granted the Parties' motions to stay the above-captioned actions pending mediation and toll the statute of limitations for the conditionally certified FLSA class.[1] Those orders required that "the parties shall file a status report with the court describing ongoing settlement efforts within 56 days of the date of this order." *See Valverde*, ECF Doc. 252; *Trejo*, ECF Doc. 65. Subsequently, the Parties requested an extension of the stay and tolling pending a mediation scheduled for November 19, 2018, and the Court ordered that "[u]pon consideration of the parties' joint status report [255], and being otherwise fully advised, it is ORDERED that on or before December 3, 2018, the parties shall file a joint status report. The Order [252] staying this action and tolling the statute of limitations remains in effect." *See Valverde*, ECF Doc. 256; *see also Trejo*, ECF Doc. 67 (continuing stay in *Trejo*). This filing provides that joint status report and requests that the stay and tolling be continued pending final approval of the settlement.

The Parties participated in a day-long mediation on November 19, 2018 and have reached a settlement in principle that would resolve all claims in both matters. As previously indicated to the Court, the Parties undertook "mediation with the aim of reaching a Rule 23 classwide settlement for Defendants' employees in Colorado." *See Valverde,* ECF Doc. 251 at 1 (requesting stay pending mediation); *Trejo*, ECF Doc. 64 at 1 (same). The anticipated settlement does just that; it involves a Rule 23 settlement for all claims for all Defendants' employees in Colorado affected by the disputed policies.

The Rule 23 settlement is subject to the Court certifying the settlement class and approving

---

[1] A FLSA claim was conditionally certified only in *Valverde* and therefore the tolling order was entered only in *Valverde*.

the settlement. *See* Fed. R. Civ. P. 23. As such, the parties have significant remaining work to bring these matters to a close, including drafting and signing a final merged settlement agreement, moving for certification and preliminary approval, properly notifying the class, and moving for final approval. To set these events in motion, the Parties request a deadline of January 18, 2019 to move for certification and preliminary approval of the settlement. This deadline makes sense given the extent of the work necessary to finalize the agreement and motion, the upcoming holidays, and the recent amendments to Rule 23 with which the Parties' counsel will have to familiarize themselves and comply.

Moreover, the Parties request that all proceedings in these two matters, including the Court's order conditionally certifying a nationwide FLSA class and ordering notice (*Valverde,* ECF Doc. 248), continue to be stayed pending final approval of the settlement and that the Court's order tolling the statute of limitations for the conditionally certified nationwide FLSA class be extended to either (1) the date the settlement is finally approved, (2) 14 days after the date of a Court order denying approval of the settlement,  or (3) the date of any notice from any Party that the settlement will not be occurring. *See Valverde*, ECF Docs. 252 (tolling statute of limitations), 256 (extending tolling pending mediation).

As previously indicated to the Court, the anticipated settlement will cover a Rule 23 class composed of current and former Colorado employees.  Because the potential settlement would settle all claims in both matters, it would moot the Court's certification order. And while current and former employees outside of Colorado are not part of the proposed settlement, tolling will permit them to maintain any claims they do have against Defendants, and they will therefore not

be prejudiced while the Parties attempt to finalize their settlement.[2]  If the Parties were to fail in

finalizing the settlement or if the Court were to deny preliminary or final approval, the Court's

notice order would remain effective and notice would be provided to employees outside of

Colorado of their right to join the FLSA claim here.

Respectfully submitted,

s/Alexander Hood
Alexander Hood
David Seligman
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorneys for Plaintiffs

s/Matthew M. Morrison
Jonathon M. Watson
Matthew M Morrison
633 17th Street, Suite 3000

---

[2] As Judge Arguello has explained, FLSA claims do not accrue because of FLSA notice. Rather, FLSA Plaintiffs are presumed to know the facts giving rise to their claims and therefore have the ability to assert those claims at any time.

> Plaintiff's argument is ultimately rooted in the assumption that potential opt-in plaintiffs could not know about the facts that are the basis of their possible FLSA claim until they receive notice of a collective action. Generally, however, 'potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment . . . and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim . . . Generally, their claims accrue when they gain knowledge of these facts.'

*Avendano v. Averus, Inc.,* 14-cv-01614-CMA-MJW (D. Colo. Mar. 31, 2015) (quoting *Young v. Dollar Tree Stores, Inc.,* 11-CV-1840-REB-MJW, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2013)).

Denver, CO  80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email:  jwatson@shermanhoward.com
Email:  mmorrison@shermanhoward.com

*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on December 3, 2018 I served a true and correct copy of the forgoing on the individuals below pursuant to Fed. R. Civ. P. 5.

_s/_Alexander Hood
Alexander Hood
Attorney for Plaintiffs