**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-00671-RM-NRN

Consolidated with Civil Case No. 17-cv-01602-RM-NRN for Settlement Approval

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC., *et al.*,

    Defendants.

---

## ORDER
---

This matter is before the Court on (1) Plaintiffs' Unopposed Motion for 14-Day Extension of Time to File Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Extension of Time") (ECF No. 273); and (2) Plaintiff Marie Simon's pro se filing for an extension of time to find a new lawyer (ECF No. 274).

The Court starts with the Ms. Simon's motion. As Ms. Simon is represented by counsel, her filings must be through her counsel. Moreover, in light of the Court's order (discussed below) to administratively close this case, Ms. Simon will be afforded time to find new counsel. Therefore, her motion is denied without prejudice.

As for the Motion for Extension of Time, this is Plaintiffs' *fourth* request for extension of time to file a motion for preliminary approval. Upon review of Plaintiffs' request, and the record in these consolidated cases, the Court finds that administrative closure is appropriate. This will allow the parties time to work out any issues regarding any settlement without repeatedly

requesting extensions of time to file a motion for approval. *See Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir. 1987) (An administratively closed case generally operates as "the practical equivalent of a stay."); *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (collecting cases where administrative closure was ordered). And, if there should be no settlement for the Court to consider, the parties may move these cases forward. Under either event, any party may request the cases be reopened. After all, "an administratively closed case still exists on the docket of the district court[; therefore], it may be reopened upon request of the parties or on the court's own motion." *Patterson*, 631 F. App'x at 534 (quotation marks and citation omitted); D.C.COLO.LCivR 41.2 ("A district judge… may order the clerk to close a civil action administratively subject to reopening for good cause.").

An administrative closure, however, terminates any pending motion. D.C.COLO.LCivR 41.2. And, the reopening of the action will not reinstate any motion. *Id.* The Court recognizes there are pending matters in both cases (in this case and Civil Action No. 17-cv-01602). Therefore, at any party's request upon, or concurrent with, the reopening of these cases, the Court will have the Clerk refile any pending matters (e.g., the Motion for Judgment on the Pleadings (ECF No. 241) in this case, and the Motion to Dismiss and associated Recommendation (ECF Nos. 20, 45) in Civil Action No. 17-cv-1602) for resolution. It is therefore ORDERED

(1) That, pursuant to D.C.COLO.LCivR 41.2, the Clerk shall administratively close this case and Civil Action No. 17-cv-01602, subject to reopening for good cause;

(2) That the Clerk shall also file this Order in Civil Action No. 17-cv-01602;

(3) That Plaintiff Maria Simon's motion for extension of time (ECF No. 274) is DENIED without prejudice; and

2

(4) That the Plaintiffs' Unopposed Motion for 14-Day Extension of Time to File Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 273) is DENIED as moot.

DATED this 22nd day of February, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge